AMITE COUNTY *v.* T. C. STEEN.

SIXTEENTH SECTION. *Adverse possession. Presumption. Code* 1892, § 4148.

It is not incumbent on one who shows adverse possession of sixteenth section school lands for a period of twenty-five years, under a claim of right or title, to show, in addition, that a lease or sale thereof had, in fact, been made, for, under § 4148, code 1892, such adverse possession for that period is "*prima facie* evidence that the law authorizing the disposition of the lands had been complied with, and the lease or sale duly made."

FROM the chancery court of Amite county.

HON. CLAUDE PINTARD, Chancellor.

This is a bill filed under § 4147, code 1892, by Amite county against T. C. Steen to establish title to a certain tract of sixteenth section school lands. The answer of defendant, Steen, admits the character of title asserted by complainant, but sets up a lease for ninety-nine years, and adverse possession thereunder for a period of twenty-five years, and relies on § 4148, code 1892, which is as follows: "Adverse possession for a period of twenty-five years, under a claim of right of title, shall be *prima facie* evidence in such case that the law authorizing the disposition of the lands had been complied with, and the lease or sale duly made. If the claim be under a lease, the time at which the lease expires shall be fixed by the court."

The defendant proved adverse possession by himself and those through whom he holds, but failed to show that any lease of the land had ever been made. On the hearing, complainant offered in evidence a report of the treasurer of Amite county for August, 1848, showing that the county held three notes, given by one William Denman, which recited that they were taken for the sale of sixteenth section lands, and that a fourth note, which was missing, had been paid to the former treasurer.

There was also proof to show that William Denman, in 1852, and for some time prior, lived on the land in controversy.

Complainant contends that the section above quoted cannot be availed of because defendant failed to show that the land had ever been leased.    There was a decree for defendant, and complainant appeals.

*E. H. Ratcliff*, for appellant.

Where defendant introduces a lease or deed to the lands, though a void one, and shows possession under it for twenty-five years, he has made out a *prima facie* case.    But he must first show some kind of a lease or title as his claim of right. Mere trespassing can avail nothing, however long continued. The evidence fails to show any such claim of title.    It only shows possession coupled with a bare assertion of right.    This was never contemplated by the legislature in the enactment of this statute, for it would be a violation of the trust reposed in the state.    The purpose was to protect leaseholders who acquired lands in good faith, but whose titles thereto were defective or void because of the failure of public officers to comply with the statutory requirements in sales and leases.    See Hutchinson's Code, § 2, page 217; *Bolivar County* v. *Coleman*, 71 Miss., 832.    Until the state attempted to deal with the land, the legal title remained in the United States.    *Rabb* v. *Supervisors*, 62 Miss., 589; *Lauderdale County* v. *East Mississippi Mills*, decided at this term.    In order to avail of the statute of limitations of twenty-five years, it is necessary first to show color of title out of the United States.    When this is done, it is then shown that the state has attempted to deal with the lands, and the statute may be invoked.

*T. McKnight*, for appellee.

Defendant showed adverse possession for much more than twenty-five years, and was entitled to a decree.    *Carroll County* v. *Estes*, decided at this term.    *Ante*, 171.    There the lease was

merely alleged in the answer, as in the case at bar.    Under
§ 4148 adverse possession for twenty-five years under a claim
of right or title, is *prima facie* evidence that the law had been
complied with, and the lease or sale duly made.    It did not
provide, or intend to provide, that a claim of right or title
should be only a lease or a deed containing a reference to a
lease.    Some school land was leased by William Denman, for
which he gave his four notes, as required by law, one of which
was paid, and the other three, if not paid, are barred.    I refer
to *Money* v. *Miller*, 13 Smed. & M., 531; *Brown* v. *Super-
visors*, 54 Miss., 230; *Madison County* v. *Powell*, 71 *Ib.*, 618;
*Chamberlain* v. *Lawrence County*, 71 *Ib.*, 949.

CAMPBELL, Special J., delivered the opinion of the court.

The adverse possession of the sixteenth section for more than
twenty-five years by the appellee and those under whom he
claimed, under a claim of right, was *prima facie* evidence "that
the law authorizing the disposition of the land had been com-
plied with and the lease or sale duly made." Code 1892,
§ 4148.

The proposition that the defendant who shows the adverse
possession required to raise the presumption of a lease or sale
duly made, in the long ago, must also show that a lease or sale
was actually made, is not maintainable.    Evidence of adverse
possession, under claim of right or title, for twenty-five years,
protects the title against successful assailment, unless it shall
be shown that a lease or sale of the land was not duly made.

*Affirmed.*

WOODS, J., on account of sickness, took no part in this de-
cision.    J. A. P. Campbell, Esq., a member of the bar, was
appointed and sat in his place in this and other cases.