Yazoo & M. V. R. Co. *v.* Bolivar County.*

(Division A.  Feb. 7, 1927.  Suggestion of Error Overruled March 21, 1927.)

[111 So. 581.  No. 25214.]

Schools and School Districts. *Railroad's title to right of way over sixteenth section lands under order of supervisors after 25 years' adverse possession cannot be assailed* (*Hemingway's Code, section 7509; Rev. Code 1880, section 732*).

Under Code 1906, section 4699 (Hemingway's Code, section 7509), title acquired by railroad company to right of way over sixteenth section lands by adverse possession of more than twenty-five years, under order of board of supervisors, in accordance with Rev. Code 1880, section 732, cannot be successfully assailed, in absence of affirmative showing that no valid lease was in fact made.

*Corpus Juris-Cyc. References: Schools and School Districts, 35Cyc, p. 821, n. 82.

Appeal from chancery court of Bolivar county, Second district.

Hon. C. L. Lomax, Chancellor.

Suit by Bolivar County against the Yazoo & Mississippi Valley Railroad Company. Decree for complainant, and respondent appeals. Reversed and decree rendered.

*H. D. Minor, Chas. N. Burch* and *Shands, Elmore & Causey,* for appellant.

I. The state had the undoubted and unlimited power in 1833 to dispose of sixteenth section lands. *Cooper* v. *Roberts,* 18 How. 173; *Jones* v. *Madison County,* 72 Miss. 777, after reviewing *Hester* v. *Crisler,* 36 Miss. 681; and *Board* v. *E. Miss. Mills,* 16 So. 210. *Jones* v. *Madison County,* has since been referred to by the court and its correctness never denied. *Robertson* v. *Monroe County,*

118 Miss. 536. Even since the Constitution of 1890 the power of the state to sell and convey the timber on such lands has been upheld. *Dantzler Lbr. Co.* v. *State,* 97 Miss. 355.

Further argument, therefore, seems unnecessary on the proposition that the state's power to sell and convey these sixteenth sections was in 1833 without limitation. There was no limit on the state's power until the Constitution of 1890, section 211.

II. Under the law as it existed at the time the board of supervisors granted this right of way to defendant's predecessor (1883), there was authority in the board of supervisors to make a lease for ninety-nine years. Sections 732 *et seq.,* Code of 1880, supersede all public laws on the subject of conveying sixteenth section lands. *Lbr. Co.* v. *Harrison County,* 89 Miss. 523; Code of 1880, section 732; Hemingway's Code, section 7509; *infra,* pages 12-20.

III. The board of supervisors having authority to make a lease for ninety-nine years and having undertaken to grant a right-of-way to defendant's predecessor in title, there is, by statute (Hemingway's Code, section 7509), a conclusive presumption—in view of the fact that forty years have elapsed—that everything necessary to a proper exercise of the authority of the board of supervisors was done.

Hemingway's Code, section 7509, is a copy *verbatim* of section 4148, Code of 1892, and section 4699, Code of 1906. The rule created by this section has been frequently applied. *Carroll County* v. *Estes,* 72 Miss. 173; *Amite County* v. *Steen,* 72 Miss. 567.; *Forsdick* v. *Tallahatchie County,* 76 Miss. 622.

IV. The same presumption exists by virtue of the recognized equity principle that after the lapse of forty years a valid grant will be presumed. While Heming-

way's Code, section 7509, puts in statutory form the prin-
ciple we rely on, the same principle has often been de-
clared and applied, as a maxim of equity, by our courts
in other cases even when the state is affected. *Caruth*
v. *Gillespie,* 109 Miss. 679; *Stevenson* v. *McReary,* 12
S. & M. 50; 2 C. J., page 292; *Scales* v. *Cockrill,* 3 Head.
(Tenn.) 432; *Rogers* v. *Nabe,* 15 N. C. 180.

V.   The complainant is barred by laches. *Comans* v.
*Tapley,* 101 Miss. 222; *Naddo* v. *Bardon,* 53 Fed. 493;
*Norris* v. *Burnett,* 108 Miss. 415; *Lodge* v. *Knights,* 102
Miss. 283; *Smith* v. *Jassen,* 105 Miss. 229; *Aetna Ins.
Co.* v. *Robertson,* 131 Miss. 428; *Nixon* v. *Carco,* 28 Miss.
430.

VI.   The defendant has acquired a good title by ad-
verse possession.   That the payment of taxes is an im-
portant element in considering the doctrine of laches
and that of the equitable presumption of a valid grant—
also the adverse possession mentioned in the statute al-
ready reviewed (Hemingway's Code, section 7509)—is
clear in Mississippi. *Caruth* v. *Gillespie, supra; Mc-
Caughn* v. *Young,* 85 Miss. 293; *Holtzman* v. *Douglas,*
168 U. S. 284.

VII.   The fact that complainant is an arm of the state
does not prevent the application of the doctrine of laches
or that of a presumption of valid grant above stated.
It cannot be said that the state and its subdivisions are
not to be affected by the negligence of their respective
officers. *Jonestown* v. *Ganong,* 97 Miss. 83; *Jones* v.
*Madison County,* 72 Miss. 804.

VIII.   This case differs from the ordinary claim of
possession founded on lapse of time for the defendant
here is occupying the land for the purpose of a public
highway—railroads being declared by the Constitution
of 1890 to be public highways.

IX. The grant to defendant was no breach of the trust under which the state holds these lands. On the contrary, it was an advancement of the trust.

X. The provision of the Constitution of 1890, that a railroad company shall not pass within three miles of a county seat without passing through it, is an important consideration.

XI. This case is not at all like that of *Y. & M. V. R. R. Co.* v. *Sunflower County,* 125 Miss. 92. The two cases are wholly dissimilar.

XII. The statute, Hemingway's Code, section 7509, provides, ''If the claim be under a lease, the time at which the leases expires shall be fixed by the court.'' As this railroad is, under the constitution, a public highway and its continued operation is absolutely essential to the well-being of a large section of the state, the period of this lease should be fixed by the court at the maximum —ninety-nine years.

*Frank A. Reid, Miles, Waring & Walker* and *Green, Green & Potter, amici curiae,* for appellant.

(1) (*a*) Appellee filing bill to cancel cloud upon title must show fairness of his title. *Longmire* v. *Mars,* 124 Miss. 77; *Lumber Co.* v. *Lumber Co.,* 87 Miss. 773, 40 So. 485. A lease executed in 1886, validated by chapter 186, Laws of 1886, appeared with title thereunder outstanding; whereupon obligation of showing invalidity thereof rested upon appellee. *Goff* v. *Avent,* 122 Miss. 86, 84 So. 134; *Gilchrist-Fordney Co.* v. *Keys,* 113 Miss. 742, 74 So. 619; *Jones* v. *Rogers,* 85 Miss. 726, 38 So. 742. Pearman lease valid. *Jones* v. *Madison County,* 72 Miss. 790; *Corinth* v. *Robertson,* 125 Miss. 31, 87 So. 468; *Robertson* v. *Monroe County,* 118 Miss. 520, 79 So. 185. This court takes judicial knowledge of its own rec-

ords (23 C. J., 109). *Bolivar County* v. *Coleman,* 71 Miss. 832, 15 So. 107, held Pearman lease invalid solely because affirmatively on supervisor's minutes consent of inhabitants of township did not appear (which was then jurisdictional and compulsory under the law under the rule of *Hester* v. *Crisler,* 36 Miss. 681. Thereafter *Lauderdale County* v. *East Mississippi Mills,* 16 So. 210, 18 So. 87, and *Jones* v. *Madison County,* 72 Miss. 792, 18 So. 87, held consent inhabitants not a prerequisite, overruling *Hester* v. *Crisler* and assuming to establish Georgia as donor instead of the United States for sixteenth sections. Thus the only reason of the alleged invalidity—consent of the inhabitants—being obviated, the Legislature in 1896 validated, and such validation is not incontestable. (*a*) Under presumed grant and presumption of whatever else may be requisite. *Caruth* v. *Gillespie,* 109 Miss. 679, 68 So. 927; *Hewling* v. *Blake,* 70 So., 248, 110 Miss. 225; *Native Lumber Co.* v. *Elmer,* 78 So. 705, 117 Miss. 720; *Scarborough* v. *Native Lumber Co.,* 79 So. 84, 118 Miss. 138. (*b*) This grant as thus made cannot be collaterally attacked. *Ingram-Day Lumber Co.* v. *Robertson,* 92 So. 289, 129 Miss. 365. (*c*) The inhabitants of the township estopped by receipt and retention of consideration during a period of forty years. *Ingram-Day* v. *Robertson,* 92 So. 289; 129 Miss. 365; *Trustees* v. *Vincennes,* 14 Howard, 268. (*d*) The Constitution did not prohibit restitution of wrongfully obtained property. *Carter* v. *Henry,* 88 Miss. 21, 40 So. 995; *Hancock Co.* v. *Shaw,* 81 So. 648. (*e*) This act of the legislature, depending upon extraneous facts, should be presumed to be valid, the legislature being vested with discretion thereasto and solely accountable under the Constitution. *Hunt* v. *Wright,* 70 Miss. 107, 11 So. 608; *Mayor* v. *State,* 102 Miss. 663, 59 So. 873; *State* v. *Jackson,* 81 So. 1, 119 Miss. 727. (*f*) Whatever the legislature could have constitutionally originally dispensed with they can subsequently eliminate without impairing vested rights. *Southern Coal Co.* v. *Yazoo County,* 118 Miss.

860, 80 So. 334; *Powers* v. *Penny,* 59 Miss. 12, *Dingey* v. *Paxton,* 60 Miss. 1055; *Hancock Co.* v. *Shaw, supra; Deans* v. *Robertson,* 64 Miss. 195, 1 So. 159; *Hamilton* v. *Halpin,* 68 Miss. 99, 8 So. 739. (*g*) After forty years of appropriation presumption becomes conclusive, and the inhabitants unable to complain when legislature authorized the act, the exercise of their discretion not subject to review. Authorities *supra.* (2) Proper parties not before the court. This decree cancels fundamental rights of parties not before the court; wherefore the court *sua sponte* could dismiss. *Garzot* v. *Rios,* 209 U. S. 52; *Minnesota* v. *Northern Securities Co.,* 184 U. S. 199; *Sivley* v. *Summers,* 57 Miss. 730. (3) Section 211 of the Constitution prospective, not retrospective. *Hancock Co.* v. *Shaw, supra; Ex parte Jones,* 112 Miss. 27, 72 So. 846; *Adams* v. *Dendy,* 82 Miss. 135, 33 So. 843; *Lum* v. *Vicksburg,* 72 Miss. 960; *Corinth* v. *Crittenden,* 94 Miss. 41, 47 So. 525; *Adams* v. *Kuykendall,* 83 Miss. 571, 35 So. 830. (4) Section 212 of the Constitution not self-executing. I. I. & C. case, 81 Miss. 174; *Schilher* v. *Bordeaux,* 64 Miss. 59; *Delphia Jackson* v. *Collins,* 16 B. Monroe, 214; *In re State Census,* 62 N. W. 129; *Spinney* v. *Griffith,* 98 Cal. 151; *Fux* v. *Spennhorst,* 67 Mos., 256; *Brown* v. *Seay,* 5 So. 215; *Green* v. *Aker,* 11 Ind. 223. (5) Should section 211 of the Constitution adversely affect the rights under the Pearman lease, then: (*a*) An impairment of the obligation of a contract by a state law; and (b) Deprivation of property without due process. A state constitution is a law subordinate to the Federal power. 12 C. J., 988; *Keith* v. *Clark,* 97 U. S., 454. (6) Congressional act of 1852 paramount under certain limitations. *Hester* v. *Crisler,* 36 Miss. 681; *Trustees* v. *State,* 14 Howard, 268; *Corinth* v. *Robertson, supra.* Jurisdiction vested by a congressional act exclusive and not subject to alteration. *Supervisors* v. *Arrigihi,* 54 Miss. 672; *Paxton* v. *Baum,* 59 Miss. 535; *Supervisors* v. *Klein,* 51 Miss. 807; *Gamble* v. *Witty,* 55 Miss. 26; *Beck* v. *Allen,* 58 Miss. 143. (7) Estoppel.

The act of the inhabitants is private. *Trustees* v. *State,* 14 Howard, 268; *Ingram-Day* v. *Robertson,* 92 So. 289; 129 Miss. 365; *Merchants Bank* v. *Jackson,* 112 Miss. 537, 73 So. 573; *Ingram-Day* v. *Robertson.* And estoppel exists.

*Clark, Roberts & Hallam* and *Frank Wynne,* for appellee.

I.  *Title to sixteenth section lands.*  Under the articles of agreement and cession between the United States and Georgia in 1802, the ordinance of July 13, 1787, for the government of the Northwestern Territory, and the Act of Congress of March 3, 1803, "all sixteenth sections were 'reserved in each township for the support of schools within the same,' and on the admission of Mississippi as a state, the title and control of these sections vested in the state in trust for the inhabitants of the several townships." *Jones* v. *Madison County,* 72 Miss. 777; *Lbr. Co.* v. *Harrison County,* 89 Miss. 571-73.

II.  *Order of board of supervisors of* 1883.  Without a petition of the majority of the resident heads of families in the township, the board of supervisors had no authority whatever to lease such lands; and it was necessary for the proceedings of the board of supervisors, in which matter it exercised a special and limited jurisdiction, to show that a majority of the resident heads of families petitioned for the leasing; otherwise, the order of the board and the lease were void.  Section 732, Code of 1880.

III.  *No power in board of supervisors to donate sixteenth section lands.*  That a sale of such lands has never been authorized by law in this state has been distinctly decided by this court in *Weiler & Haas* v. *Monroe County,* 76 Miss. 492.

The charter of the New Orleans, Baton Rouge, Vicksburg & Memphis Railroad Company (chapter 547, Laws of 1882, page 920), is referred to, but the purpose for which it was cited is not made clear. It certainly cannot be said that this act, which was a mere legislative charter granted to a railroad company, had the effect of giving to the railroad company the lands involved in this suit. Nowhere in the act does the legislature undertake to give to the railroad company any land whatever.

It is, therefore, settled that the legislature never sold this particular land, and never gave it away; and that it never authorized the board of supervisors to either sell it or give it away.

IV. *No statutory presumption of a valid lease.* Section 7509, Hemingway's Code, was probably passed at a time when some people thought that the legislature had authorized a sale of the sixteenth section lands, but we have shown that a sale was never authorized. The statute does not apply in the case of a sale, though it uses the word *sale,* for the reason that a sale was never authorized by law, and the statute is only *prima-facie* evidence that the law which authorized a sale had been complied with.

In this case, the very instrument under which the defendant claims shows on its face that it is not a lease, and in itself constitutes evidence that no valid lease was in fact made, and thus overcomes the *prima-facie* case. *Estes case,* 72 Miss. 174.

V. *There is no presumption of a lost grant.* 2 C. J., page 291, section 652. *Stevenson* v. *McReary,* 12 S. & M. 50, has no bearing here. As applicable to this case, see the language of Judge STEVENS in *Dees* v. *Kingsman,* 80 So. 528; 2 C. J., page 294. The doctrine of the presumption of a lost grant in this state so far as sixteenth sections are concerned is superseded by section 7509, Hemingway's Code, and the rights of one claiming six-

teenth section lands are limited and measured by that section.

VI.  *Complainant not barred by laches.*   Early in the history of this state, it was held in *Josselyn* v. *State,* 28 Miss. 753, that laches was not to be imputed to the state.   See section 7505 and 7508, Hemingway's Code, enacted under the mandate of section 211, Constitution of 1890.

It is not true that in *Aetna Ins. Co.* v. *Robertson,* 131 Miss. 428, this court applied the doctrine of laches against the state, three of the judges only holding that the doctrine was applicable, and no sixteenth section trust lands were involved in that case, nor was there a *prima-facie* statute.   This case does not, therefore, decide that the state can be charged with laches, and the doctrine of *Josselyn* v. *Stone,* 28 Miss. 753, is still the law in Mississippi.

Argued orally by *H. D. Minor,* for appellant, and *L. C. Hallam,* for appellee.

COOK, J., delivered the opinion of the court.

This was a suit in equity by Bolivar county against the appellant railroad company, in which the bill of complaint alleged, in substance, that the appellant was in possession of a right of way one hundred feet wide over three of the sixteenth sections of the county; that said lands were school lands, held in trust by the state, through the agencies of its creation, for the benefit of the inhabitants of the townships, and for the support of the public schools within the same; that the appellant claimed title to said right of way under and by virtue of a certain invalid and void order of the board of supervisors of Bolivar county passed at the July, 1883, term thereof, whereby the said board undertook to grant said rights of way across said land without consideration, to

the New Orleans, Baton Rouge, Vicksburg & Memphis Railroad Company, or any other company or companies with which it might thereafter be merged or consolidated; that the possession and claim of the appellant cast a cloud on the title of the complainant, and rendered such lands unavailable for the carrying out of the trust; that the said railroad company later consolidated with the Louisville, New Orleans & Texas Railway Company; that the latter company, on October 24, 1892, consolidated with the appellant, the Yazoo & Mississippi Valley Railroad Company, and that said companies had successively been in possession of said rights of way without paying any rental therefor; and that a large sum of money was due from the appellant to the complainant as rent for the use and occupation of said lands for said years. The bill prayed for a decree canceling the claims of the appellant to said lands as clouds thereon, and for an accounting for the rents, issues, and profits, and for a writ of assistance to place complainants in possession of said lands, and for general relief. The said order of the board of supervisors passed at the July, 1883, term, which was filed with the bill of complaint as an exhibit thereto, reads as follows:

"Be it remembered at the above-stated term of the honorable board of supervisors of said county, an order was then and there made by said board, which was in the following words, to-wit:

" 'The board having heard and considered the petition of the New Orleans, Baton Rouge, Vicksburg & Memphis Railroad Company for a right of way through the lands of the named, and having decided to grant the same, it is therefore ordered by the Board that a right of way for its railroad one hundred feet wide, measuring from the center of the right of way fifty feet on each side, be and is hereby granted to the said railroad company or any other company or companies with which it may be hereafter merged or consolidated through the following unleased school sections in Bolivar county, Miss., to-wit:

" 'Section 16, township 21, range 5, section 16, town ship 22, range 5, and section 16 in township 23, range 5, said right of way to be on such permanent line for its railroad through said land as said company by its engineers has already located or may hereafter locate.' "

The defendant answered the bill, setting up various defenses, but the only portion of the answer which is material here is the following paragraph:

"The said defendant admits that it first entered into possession under and by virtue of that instrument of writing executed by the board of supervisors at the July term 1883, by the terms of which the said board of supervisors of Bolivar county, Miss., granted to the New Orleans, Baton Rouge, Vicksburg & Memphis Railroad Company and other companies with which it might thereafter be merged or consolidated, right of way for an undetermined period, and admits that the paper made Exhibit A to the original bill is a true copy of the instrument of writing, under the terms of which defendant's predecessor in title entered, but this defendant denies that such instrument of writing is in its legal effect a deed, or a pretended deed, but would show that it is a grant of all such interest in the lands occupied by it as the said board of supervisors had power to vest in defendant's predecessors in title or in any one else, to-wit, right of way one hundred feet wide across said lands at such points as defendant's predecessors in title might locate its railroad, and denies that said Exhibit A is a pretended, invalid, or void order of the board of supervisors of Bolivar county, Miss., but would show that said instrument was efficacious to vest in this defendant, and those through whom it claims a right to use said strips of land for a period of ninety-nine years from the date of said instrument."

In dealing with sixteenth section lands, the legislature, by section 4699, Code of 1906 (section 7509, Hemingway's Code), has provided that "adverse possession for a period of twenty-five years, under a claim of right

or title, shall be *prima-facie* evidence in such case that the law authorizing the disposition of the lands had been complied with and the lease or sale duly made. If the claim be under a lease, the time at which the lease expires shall be fixed by the court," and the effect of this statute has been several times passed upon by this court.

In the case of *Carroll County* v. *Estes,* 72 Miss. 173, 16 So. 908, which was a suit by the county to cancel the claim of the defendant to certain sixteenth section lands, in discussing the effect of this statute, Chief Justice COOPER, speaking for the court, said:

"The chancellor held that, under the operation of this statute, the claim of the defendant to the land above described was sustained, and by his decree fixed the time at which the lease would expire. It is contended by counsel for appellant that the statute was not intended to supply a rule of evidence in any class of cases except those in which a lease of some sort had really been made, but its validity is attacked by reason of some infirmity arising by reason of a want of evidence that the law authorizing the lease had in all things been complied with; that the defendant must first show a lease not invalid on its face, and then, upon proof of possession, a presumption will arise under the statute that all things directed by the law to be done were done by the authorities making the lease. We think the statute has a broader application, as was held by the chancellor, and that when, as here, it is shown that, for the period named, the defendant has been in the adverse possession of the land, claiming possession by reason of an alleged lease, such possession is sufficient to entitle him to invoke the presumption created by the statute as a rule of evidence. In other words, when these facts are shown, it devolves upon the complainant to overturn the *prima-facie* case thus made by sufficient evidence that no valid lease was in fact made."

The case of *Amite County* v. *Steen,* 72 Miss. 567, 17 So. 930, was a suit by the county to establish title to a

certain tract of sixteenth section lands, and in his answer the defendant set up a claim of title under a ninety-nine-year lease, and adverse possession thereunder for a period of twenty-five years. On the hearing of the cause the defendant proved adverse possession by himself and those through whom he held, but failed to show that any lease of the land had even in fact been made. In discussing the application and effect of the statute (section 4699, Code of 1906 [section 7509, Hemingway's Code]), this court, by Judge CAMPBELL, said:

"The adverse possession of the sixteenth section for more than twenty-five years by the appellee and those under whom he claimed, under a claim of right, was *prima-facie* evidence 'that the law authorizing the disposition of the land had been complied with and the lease or sale duly made.' Code 1892, section 4148.

"The proposition that the defendant who shows the adverse possession required to raise the presumption of a lease or sale duly made, in the long ago, must also show that a lease or sale was actually made, is not maintainble. Evidence of adverse possession, under claim of right or title, for twenty-five years, protects the title against successful assailment, unless it shall be shown that a lease or sale of the land was not duly made."

In the case of *Forsdick* v. *Tallahatchie County,* 76 Miss. 622, 24 So. 962, the defendant asserted a title or right to certain sixteenth section lands under a lease thereof for ninety-nine years to Elisha West, executed on the 3d day of July, 1855, by the president and secretary, respectively, of the board of trustees of said township, and by *mesne* conveyances thereof from West and his successors in title to himself. The lease did not recite that the trustees leased said land for ninety-nine years at the request of a majority of the heads of families of said township, and that it was leased at the courthouse of said county between ten o'clock A. M. and four o'clock P. M. on six weeks' notice thereof, nor was the lease signed by the five trustees, but only by the president and

secretary of the board, and on account of these defects the county claimed that the lease was void, ''and that possession for twenty-five years under said lease does not raise a presumption that the steps necessary for a valid execution of a lease had been complied with or taken.'' In discussing the application of the statute (section 4699, Code of 1906 [section 7509, Hemingway's Code]), to this state of facts, Judge TERRAL, speaking for the court, said:

''If the lease or contract executed by Brown and Harris to West falls short of being a title to the land in question, it is at least a claim of right under which West and his successors in the ownership of said claim have possessed the land adversely for twenty-five years. It is the alternative ground of the statute for supporting an indefeasible title of twenty-five years' adverse possession, and is and was such an equity as drew to it a right to demand and have of the proper authorities a perfect title to the land for the ninety-nine years. The paper executed by Brown and West to Harris bound the county to execute a valid lease to West, and was a right sufficient to ripen by twenty-five years's adverse possession of West and his successors in the ownership of such right into a title which the county cannot now assail.''

In this case, the statute so requiring, this court fixed the term of the lease to be ninety-nine years.

We think the announcement of the court in these three cases is controlling in the case at bar. Under the provisions of section 732, Code of 1880, which was in effect at the time of the passage of the order of July, 1883, the board of supervisors had the authority under certain restrictions and conditions to lease the lands for a term of ninety-nine years, or a shorter term. Conceding that this order may not be construed to be technically a lease, it is at least a claim of right under which the railroad company and its successors in the ownership of said claim have possessed the land adversely for more than forty years, and, in the absence of an affirmative showing

that no valid lease was in fact made, the title acquired by this adverse possession of more than twenty-five years, under claim of right or title, cannot be successfully assailed.

The decree of the court below will therefore be reversed, and decree will be entered here fixing the expiration of the lease to be July 2, 1982, and dismissing the bill of complaint.

.Reversed and decree here.