CARROLL COUNTY *v.* G. S. ESTES.

SCHOOL LAND.    *Adverse possession.    Limitation.    Code* 1892, § 4148.

> Section 4148, code 1892, providing that adverse possession of sixteenth section land for twenty-five years under claim of title shall be *prima facie* evidence that the law authorizing its disposition had been complied with, is not confined to cases in which a lease has in fact been made, and it is attacked because of some infirmity arising out of a want of evidence that the law had been complied with.    When it is shown that, for the time named, adverse possession has been held under a paper title purporting to assign a lease, the presumption of the statute applies.

FROM the chancery court of the first district of Carroll county. HON. T. B. GRAHAM, Chancellor.

Bill against appellee, under § 4147, code 1892, to cancel the claim of defendant to certain school land alleged to have been reserved in lieu of sixteenth section land.    The prayer is that if defendant's claim is not canceled, the court shall fix the date of expiration of the lease.    Defendant answered, and, as to that part of the land which is in controversy, averred that she and those under whom she claimed had been in possession, under claim of title, for more than twenty-five years; that the land had been duly leased, but that no lease could be found on record; that the deed, under which she claimed, was made by one Grider, in 1857, and recited therein that the land had been

duly leased September 6, 1848, and that she was entitled to the unexpired term. The court decreed that defendant was entitled to relief, and fixed the term as beginning on the date mentioned. Complainant appeals. The opinion contains a further statement of the case.

*Southworth & Stevens*, for appellant.

The meaning of § 4148, code 1892, is this: 1. Defendant must claim under an apparently valid lease. 2. Then the presumption will be indulged that all the necessary prerequisites were complied with in making such lease, namely, that an election of trustees was had; that a majority of the heads of families petitioned for a sale or lease; that an advertisement was duly made and a sale had at the proper time and place. The statute was never intended to aid a mere trespasser without color of authority, but only applies where a lease apparently valid is produced. The opposite construction would open the door to fraud and perjury and enable one merely claiming the land to obtain title.

We submit that the defendant totally failed to make out a case entitling her to the presumption afforded by the statute. There is no evidence showing that a dollar was ever paid for this land, and the proof of such payment is necessary. *Jones* v. *Madison Co., post.* The decree is unauthorized, and should be reversed.

*Somerville & McClurg*, for appellee.

There is color of title under lease from the proper authorities, though no lease was produced. The reason of the old rule that the lessee should preserve evidence of his lease, does not apply. *Davany* v. *Koon*, 45 Miss., 71.

In *Lauderdale Co.* v. *East Mississippi Mills*, recently decided by this court, and in *Brown* v. *Supervisors*, 54 Miss., 230, it appeared affirmatively that the law governing the disposition of the land had not been complied with. Here the deeds in ap-

pellee's chain of title recite that the land was leased as school land, and it has been held and claimed as such since 1848. This is certainly sufficient to make a *prima facie* case under the statute.

The right of the state to manage these township lands and funds is not now an open question.  *Simmons* v. *Holmes*, 49 Miss., 134.

COOPER, C. J., delivered the opinion of the court.

By agreement of counsel in open court, all controversy as to any of the land described in the bill except the west half of the southeast quarter of section 17 was ended.  As to such other land, it was admitted that the defendant held under a valid and lawful lease of ninety-nine years, beginning on the eighth day of September, 1848.

No evidence was given of any lease as to the west half of the southeast quarter of section 17, but the defendant introduced a paper title more than twenty-five years old, in which the grantor professed to convey a lease of ninety-nine years derived from the proper authorities, and proved that she had been in the adverse possession of said land for more than twenty-five years, claiming under such paper title.

By § 4148, code 1892, it is provided that "adverse possession for a period of twenty-five years, under a claim of right or title, shall be *prima facie* evidence in such case that the law authorizing the disposition of the lands had been complied with and the lease or sale duly made.  If the claim be under a lease, the time at which the lease expires shall be fixed by the court."  The chancellor held that, under the operation of this statute, the claim of the defendant to the land above described was sustained, and by his decree fixed the time at which the lease would expire.  It is contended by counsel for appellant that the statute was not intended to supply a rule of evidence in any class of cases except those in which a lease of some sort had really been made, but its validity is attacked by

reason of some infirmity arising by reason of a want of evidence that the law authorizing the lease had in all things been complied with; that the defendant must first show a lease not invalid on its face, and then, upon proof of possession, a presumption will arise under the statute that all things directed by the law to be done were done by the authorities making the lease. We think the statute has a broader application, as was held by the chancellor, and that when, as here, it is shown that, for the period named, the defendant has been in the adverse possession of the land, claiming possession by reason of an alleged lease, such possession is sufficient to entitle him to invoke the presumption created by the statute as a rule of evidence. In other words, when these facts are shown, it devolves upon the complainant to overturn the *prima facie* case thus made by sufficient evidence that no valid lease was in fact made.

*The decree is affirmed.*