## WEILER & HAAS *v.* MONROE COUNTY.

1. SIXTEENTH SECTION LAND. *Sale in fee never authorized.*

The sale in fee of the sixteenth section school lands has never been authorized by law in this state. *Weiler & Haas* v. *Monroe County*, 74 Miss., 682 (previous decision in this case), explained.

2. SAME. *Statute of limitations. Lease. Reversion.*

The statute of limitations does not run against the reversion in a sixteenth section during the existence of a lease thereof.

FROM the chancery court of Monroe county.

HON. BAXTER MCFARLAND, Chancellor.

Monroe county, the appellee, was complainant in the court below; Weiler & Haas, appellants, were defendants there. The case was once before in the supreme court, and is reported— *Weiler & Haas* v. *Monroe County*, 74 Miss., 682. The object of the suit, which was instituted under code 1892, ch. 123, was to determine and make of record the title to a sixteenth

section of land.  The amended bill averred that the land was leased December 26, 1833, by the old school trustees, for ninety-nine years, and that the defendants held under the lease. The lease was denied by defendants, who claimed the land in fee, and set up the twenty-five years' statute (code 1892, § 4148) and the ten years' statute of limitations.  The court below decreed in complainant's favor, fixing the expiration of the lease on December 26, 1932.  Defendants appealed.

*Bristow & Sykes*, for appellant.

We would express our utter astonishment at the second decision of the chancery court in this cause but for the proverbial uncertainty of everything pertaining to lawsuits and courts, and the well-known tenacity with which the learned chancellor below is noted for sticking to preconceived opinions. On this second appeal the cause can be reduced to a single question, to wit: Under any conceivable statement in the bill of complaint, would the testimony before the chancery court on the former hearing, and before this court on the former appeal, justify a decree establishing a lease of the land in controversy for ninety-nine years, made December 26, 1833, and expiring December 26, 1932?  If this question must be answered in the negative, it is conclusive of the case now before this court, as the chancery court did decree just such a lease made December 26, 1833, and expiring December 26, 1932, on exactly the same evidence as was before it on the first hearing, and which was held wholly insufficient by this court on the former appeal.  The difference between a "lease" and a "contract of lease" is just about that between tweedle-dum and tweedle-de.  And there was no proof of the existence of a contract of lease and its loss, etc., on the second hearing no more than there was proof of a "lease" and its loss, etc., on the first hearing.  For there was the same proof on the first trial as on the second.

We have accepted the decision of this court as announced in

74 Miss., 682, and the opinion of the court, in announcing it as the law of this case. There has been one suggestion of error by the complainant on which this court had rendered its opinion overruling it. If, after all of this, this court now is dissatisfied with the opinion formerly rendered, and holds itself ready to hear argument for and against the correctness of that opinion, we would like for the court to so announce, when we will be ready to reargue the whole case. But we assume that 74 Miss., 682, constitutes the law of this case, and until we are advised that this court has a doubt to the contrary, we argue upon that opinion as a postulate.

*Gilleylen & Leftwich,* for appellee.

The case as now presented is materially different from what it was on the former appeal. In the case as first before this court appellee relied on a lease. In the present case it relies on a contract for a lease and possession of the lessees thereunder and recognition on the part of the lessees and their assigns of the relation of landlord and tenant, and an estoppel on the part of the appellants to deny this relation and to set up the statute of limitations as to the reversion.

Our opponents, in their argument, assume that there was no difference between a lease and a contract for a lease, but there is as much difference between a lease and a contract for a lease as between a deed and a contract for a deed, and this difference is well defined. In a lease there is nothing else to be done. It is complete, an executed contract, while an agreement or contract for a lease leaves something to be done by the parties in the future.

When one enters into possession of a sixteenth section, although no formal lease be executed to him, the relation of landlord and tenant at once springs up and the subserviency of his holding to the reversion in the people of the township is admitted, and the admission is binding on him and on those claiming under him. Woods' Landlord and Tenant, 10; Tay-

lor's Landlord and Tenant, 43; *Lobdell* v. *Mason,* 71 Miss., 942; *McKissick* v. *Bullington,* 37 Miss., 535.

Argued orally by *E. H. Bristow,* for appellants, and by *G. J. Leftwich,* for appellee.

WHITFIELD, J., delivered the opinion of the court.

In the former opinion in this case, on the first appeal, we attached too much significance to the act of 1839, as authorizing a sale in fee of the sixteenth section lands, for a careful reconsideration of the whole subject has satisfied us that there never was in this state any legislative authority to sell in fee these lands. We have been wholly unable to find such legislative authority. The lands were directed to be leased. They were leased at an early date for five years; later—as when the lands here were dealt with—for ninety-nine years. The loose language of these statutes seems to have misled counsel on both sides, as well as ourselves. Holding before that a sale under the act of 1839 was "not impossible," we dealt with a case wherein the testimony could not be said to show a lease rather than a sale, and the recitations in the deeds in fee coming in aid of the supposed possible sale, the possession seemed referable as well to such sale as to a lease. And the proof—in that mistaken view of a possible right to sell in fee—not establishing a lease, we reversed the case. But, since there never was power to sell in fee, and since all were charged with knowledge of that as the law, and since a lease for ninety-nine years was the utmost appellees' vendors could have legally got, the appellees can demand no more. The complainant tenders a lease for ninety-nine years from December 26, 1833, as to the whole section, with an admission that the money for the lease has all been paid, and this is the full extent of the appellee's rights in any view. The statute of limitations, whatever its effect in favor of appellants as to the lease, did not run against the reversion.

·The learned chancellor has correctly settled the rights of the parties and the decree is

*Affirmed.*