LEFLORE COUNTY *v.* JAMES W. BUSH.

1. TAX TITLES. *School lands. Presumption of lease. Code* 1892, § 1806.

No presumption that a sixteenth section has been leased will be indulged in support of a tax deed, § 1806, code 1892, as to the *prima facie* effect of tax deeds being without application in such case. *Chamberlain* v. *Lawrence County*, 71 Miss., 949, distinguished.

2. SAME. *Adverse possession. Code* 1892, § 4148.

The only presumption of a sale or lease of school land is that arising under § 4148, code 1892, from adverse possession for twenty-five years under a claim of right or title. *Carroll County* v. *Estes*, 72 Miss., 171; *Amite County* v. *Steen*, 72 *Ib.*, 567, cited.

FROM the chancery court of Leflore county.

HON. A. H. LONGINO, Chancellor.

Leflore county, appellant, was complainant and Bush, appellee, defendant in the court below. This was a proceeding in equity for the cancellation of the appellee's tax title to the west half of the northwest quarter of section 16, township 21, range 1, east, in Leflore county, the complainant, Leflore

county, alleging in its bill that this section was reserved for the support of public schools, and that it had never been lawfully sold or leased, and that the title remained in the United States, for school purposes, and that the inhabitants of the township were entitled to this section for the support of schools, and that appellee was in possession of the northwest quarter of said section.    The prayer of the bill was that appellee be required to disclose what title or claim he had, and for cancellation of the same.    Appellee's answer denied all the allegations of the bill, except his possession and claim to the fee adversely to complainant.    On the hearing, appellant introduced in evidence certified transcripts from the general land office at Washington and from the land office at Jackson, Miss., showing that this section was originally reserved for school purposes, and the agreed testimony of one Parker, who stated that he had known the land since 1853, and that none of it was opened until 1879 or 1880, that appellee had been in possession since 1897, and that he and those under whom he claimed had been in possession for more than three years before the bringing of this suit.    Appellee introduced the land assessment roll for 1871, which showed that the land was then assessed to one Hart; then a deed from the State of Mississippi to one Fuller (this deed recites that the land had been sold to the state May 10, 1875, under the abatement act); then a deed from the tax collector of Leflore county to Gardner & Jones, dated March 8, 1892, for the taxes of 1891; then a deed from them to Jones; then a deed from Jones to Hynum, and a deed from Hynum to appellee.    This appeal was from a final decree dismissing the bill.

*Coleman & McClurg*, for the appellant.

The case of *Chamberlain* v. *Lawrence County*, 71 Miss., 949, relied upon by the appellee, does not support his contention.    That case was brought by the board of supervisors on June 20, 1892, upon the authority of § 744, code of 1880.    In

that case Chamberlain introduced in evidence a list of lands sold by the tax collector, and a conveyance from the tax collector, and the court held that "since no valid sale of the land could have been made unless it had been previously leased by authority of the law, the tax deed and the list of land sold to the state must be held to establish *prima facie* the fact that such lease had been made, otherwise no effect would be given to the statute." It is plain that the case was disposed of upon a rule of evidence, and of the weakest evidence known to the law, viz., presumptive evidence; that is to say, a presumption of a sale, or a lease, because of an assessment and sale for taxes, and a presumption that the tax sale was valid because of the three years' actual occupation. Upon those two presumptions Chamberlain's case rested. The case at bar differs materially, both in fact and in law, from that. In this case the list of lands sold was not introduced in evidence. The statute requires both the list and the conveyance to raise the presumption that the assessment and sale were valid. Code 1892, §§ 1806 and 3818. Being short of the list in his proof, he failed to bring himself within the arms of the arbitrary presumption. The case at bar was brought by the authority of chapter 123, code 1892, that went into effect November 1, 1892. The statute under which the Chamberlain case was decided is brought forward by the code as a general statute, while chapter 123 of the code is not only a new one, but is special as to controversies involving school lands, and therefore controls the general statute. Especially is this true as to section 4148, which provides the controlling rule of evidence on the subject of presumption in respect to school land titles. According to the law now in force, and which was not in existence at the time the Chamberlain case was tried, it was incumbent upon Bush to show his title by record evidence or by showing adverse possession for twenty-five years. Then he would have been entitled to the presumption that the law authorizing the disposition of the lands had been complied with,

and the lease or sale duly made. Nothing short of showing either a lease or sale, or twenty-five years' adverse possession, would have entitled Bush to a decree. *Carroll Co.* v. *Estes*, 71 Miss., 171; *Amite Co.* v. *Steen*, 71 Miss., 567; Code 1892, §4148.

*Rush & Gardener*, for the appellee.

It is not a fact that all sixteenth sections were orignally reserved for school purposes, and, even if it were true that they were all so originally reserved, it would not follow, where it is charged, as in this case, that there had never been any sale or lease, that complainant would not be called upon to prove the truth of the charge, where it is denied by answer under oath.

The assessment roll of 1871 was introduced, which shows that this land was assessed in 1871 to an individual. While this fact is not positive proof of a prior sale or lease, yet it, at least, gives rise to a presumption of that fact, weak though it may be. The deed introduced from the state to James Fuller recites that this land was sold to the state on the tenth day of May, 1875. (Abatement act). It could not have been legally sold by the tax collector at that sale to the state unless there had been a prior sale for taxes of this land to the state. That it was sold at that sale is certainly proof of the fact that the state already held a prior claim to it for delinquent taxes, and, as it could not have been delinquent to the state for taxes unless taxable, it logically follows that it must have been sold or leased at some prior time by proper authority, or else the state could never have acquired a claim to it for delinquent taxes. There was no specific objection to the introduction of this deed. The only objection made was a general objection, made after all the evidence had been introduced, and then because defendant did not deraign his title according to the prayer of the bill.

If there could be any doubt as to the correctness of the decree of the chancellor, that doubt is eliminated by the decision

of this court in the case of *Chamberlain* v. *Lawrence County*, 71 Miss., 949. That decision is decisive of the merits of this suit, and upon that decision we confidently rely for an affirmance of the decree of the court below. The decision in that case sets at rest any doubt as to the effect of the tax collector's deed in this case as evidence. Says the court: ''The tax collector's conveyance to individuals and list of land sold to the state are declared to be *prima facie* evidence that the assessment and sale, and all proceedings of the sale, were valid.'' Code 1871, § 1700; code 1892, § 1806. Since no valid sale of land could have been made unless it had been previously leased by the authority of the law, the tax deed and list of land sold to the state must be held to establish *prima facie* the fact that such lease had been made; otherwise, no effect would be given to the statute.

WHITFIELD, J., delivered the opinion of the court.

The case of *Chamberlain* v. *Lawrence County*, 71 Miss., 949, has no application to suits brought under chapter 123 of the code of 1892, relative to the sixteenth sections, in so far as a tax collector's conveyance furnishing a presumption that a sixteenth section had been leased, and had become, therefore, subject—as to the term—to taxation, is concerned. Section 4148 of said code furnishes a new rule of evidence where sixteenth sections are concerned. The only presumption that there had once been a ''lease or a sale'' of such school lands, now recognized by the law, is one arising, under said section, from ''adverse possession for a period of twenty-five years, under a claim of right or title.'' And § 1806 of said code has now no application to these school lands. The new rule of evidence is illustrated by the cases of *Carroll Co.* v. *Estes*, 72 Miss., 171, and *Amite Co.* v. *Steen*, 72 Miss., 567. And the change made by the code of 1892 is a wise one in protection of the school lands.

*Decree reversed and cause remanded.*