## HENRY J. FORSDICK *v.* TALLAHATCHIE COUNTY.

SCHOOL LANDS.  *Lease.  Evidence. ' Code*, 1892, § 4148.

> Possession of school land for twenty-five years under a deed of lease executed by the president and secretary, but not by the five trustees on the township board, reciting full payment by the lessee, but not reciting that the five trustees leased the land at the request of a majority of the heads of families of the township, and that it was leased at the courthouse within the hours prescribed, and on six weeks' notice, entitles the lessor to a valid deed and presents a good defense to the county's bill for cancellation, under § 4148, code 1892, making possession for that period under a claim of right or title *prima facie* evidence of a compliance with the law in respect to such leases.

FROM the chancery court of Tallahatchie county.

HON. A. H. LONGINO, Chancellor.

Tallahatchie county, appellant, was complainant and Forsdick, appellee, defendant in the court below.   The cause was tried on an agreed statement of facts, which disclosed the matters set out in the opinion of the court.

*St. John Waddell*, for the appellant.

The lease of the lands in controversy was made under the act of February 27, 1833, as amended by the act of February 27, 1836.   Hutch. code, 213 and 217.   The act of March 4, 1846 (Hutch. code, 230), was repealed as to Tallahatchie and several other counties by the act of 1848.   Hutch. code, 243. We do not know upon what ground the chancellor decreed the lease to be canceled.   We suppose it was because the defendant did not show by direct testimony a compliance with sections 1 and 2 of the act of 1833, by showing a vote of the resident heads of families, or that the lands were leased to the highest bidders' at the courthouse door, between the hours of eleven

and four o'clock, after six weeks' advertisement; or, second, because the lease is not signed by all of the trustees of the township, but is executed only by the president and treasurer of the board of trustees. *Phillips* v. *Burrus*, 13 Smed. & M., 31. It was unfortunately held by this court that trustees of townships in leasing school lands were exercising mere naked powers, and that a purchaser must prove a compliance with all the requirements of the statute. This construction of the law placed *bona fide* purchasers of the sixteenth section at a great disadvantage, for few of them had the foresight to preserve the evidence of such compliance. In *Davany* v. *Koon*, 45 Miss., 71, this court, while not overruling *Phillips* v. *Burrus*, expressed its disapprobation of the rule therein announced, and showed that the presumption of a due performance of official duty should be indulged. Whether the case of *Phillips* v. *Burrus* is in effect overruled by *Davany* v. *Koon*, is, we think, not material to inquire for the purposes of this case; for conceding, for the purpose of this argument, that *Phillips* v. *Burrus* is yet authority, we respectfully submit that on the agreed facts of this case a valid lease is shown. Section 4148 of the code of 1892 prescribes a rule of evidence under which an adverse possession of twenty-five years is *prima facie* evidence "that the law authorizing the disposition of the land had been complied with, and the lease or sale duly made." The court will note that in *Phillips* v. *Burrus* the sale had been made prior to the act of 1836, under which for the first time the board of trustees was required to have a clerk and keep a record of proceedings. The lease under which appellant here claims was made under the act of 1836, and under the rule of evidence prescribed by § 4148 of the code of 1892, and under the admitted facts, this case is to be tried as though the appellant had proved all of the facts leading up to and including the lease. We are not clear whether under the statute the lease should have been signed by all of the five trustees, or by the president and secretary. But whatever may have been necessary to pass the

legal title on which an action at law might have been sustained or defended, it is certainly true that a complete equitable title passed to the lessee, available as a defense in a court of equity. Under § 4148 of the code adverse possession for a period of twenty-five years, under a claim of right of title, "is *prima facie* evidence that the law authorizing the disposition of the lands had been complied with." The possession here, not only for the period of twenty-five years, but for nearly thirty years, manifestly appears. The bill was filed in April, 1897. It avers the possession of the defendant to have been continuous since January 1, 1887.

The answer avers a possession of more than twenty-five years before the adoption of the code of 1892, and this the agreement as to the facts accepts as true. The act of 1836, Hutch. code, p. 217, required the clerk and treasurer of the board of trustees to keep a "neat and regular record of all their proceedings." In the lapse of time this record has, we presume, been lost, but, on the admitted possession of the defendant, the statute raises the presumption that all requirements of law relative to the leasing of the land had been complied with. If the lease should have been signed by all of the trustees, which we by no means concede, the original lessee, having bought the term at a regular and legal sale and paid therefor, he and his assigns are entitled to compel the execution of a perfect instrument passing the legal title. In other words, regardless of the regularity of the written lease, if it be regular, all the conceded facts show that the original lessee became owner of a complete equitable estate in the land, which is as available in defense in a court of equity as the most complete legal title would be in an action of law. *Lobdell* v. *Mason*, 71 Miss., 937. The purchase is what gives the right; the lease is mere evidence of it. *Boddie* v. *Pardee*, 74 Miss., 21.

But the legal title is in the defendant by adverse possession. The code expressly provides that ten years' adverse possession shall confer "a full and complete title." Code, § 2734. There

was, at most, a defective lease of the land, and an entry under it, and the statute of limitations ran against the trustees. *Brown* v. *Supervisors*, 54 Miss., 230; *Jones* v. *Madison County*, 72 Miss., 777.

*Dinkins & Caldwell*, for the appellee.

· The lease upon its face does not show that the majority of the heads of families residing in the township petitioned for the sale, or voted for it, at an election held for that purpose.  Unless this was done or appears on the face of the deed to have been done, the lease was absolutely void.  *Bolivar County* v. *Coleman*, 71 Miss., 832.  But § 4148, code of 1892, provides that possession for twenty-five years shall be *prima facie* evidence that the law authorizing the disposition of the lands had been complied with, and it is held in *Carroll County* v. *Estes*, 72 Miss., 171, that mere naked possession for twenty-five years raises the presumption, but is this presumption raised where the lease is void on its face?  On the contrary, does not the lease negative that presumption or prove that the conditions were not complied with?  The law authorizing the leasing of sixteenth sections in 1855 is found in Hutchinson's code, 212.

Section 4148, code 1892, should apply only to those cases where, by the destruction of evidence, or the loss of deeds, parties are unable to make proof that the conditions of the law authorizing the sale were complied with, but where the deed is produced and it does not show that such conditions were complied with, it is presumed that it was not done, and that the parties reducing their contract to writing made that writing show everything that was done, and any necessary condition omitted from the writing is presumed not to have been performed, or rather the deed proves that it was not performed.

The rule of § 4148 does nothing more than raise presumption in silent cases.  Here the record speaks, and, omitting specifically to say that the conditions of the law were com-

plied with, the deed should be construed as any other contract and the presumption indulged that it contains all that the parties intended.

TERRAL, J., delivered the opinion of the court.

The bill of complaint of Tallahatchie county challenges the right and title of defendant, Forsdick, to the E. ½ and N. W. ¼ of sec. 16, T. 23, R. 2 E. in said county (school land). The defendant set up a title or right to this land by a deed of lease thereof for ninety-nine years to Elisha West, executed on the third day of July, 1855, by A. R. Brown, president, and Majors Harris, secretary of the board of trustees of said township, and also by mesne conveyances thereof from West and his successors in the title to himself. It was agreed that Forsdick and those under whom he claims had had twenty-five years' adverse possession of said land, under the claim given by the lease aforesaid. The lease does not recite that the trustees leased said land for ninety-nine years at the request of a majority of the heads of families of said township, and that it was leased at the courthouse of said county between ten o'clock A. M. and 4 o'clock P. M. on six weeks' notice thereof; nor is the lease signed by the five trustees, but only by the president and secretary of the board, and the contention of the county is that the lease is void, and that possession for twenty-five years under such lease does not raise a presumption that the steps necessary for a valid execution of a lease had been complied with or taken.

Section 4148, code 1892, provides: "Adverse possession for a period of twenty-five years, under a claim of right or title, shall be *prima facie* evidence in such case that the law authorizing the disposition of the lands had been complied with and the lease duly made." If the lease or contract executed by Brown and Harris to West falls short of being a title to the land in question, it is at least a claim of right under which West and his successors in the ownership of said claim have possessed the

land adversely for twenty-five years. It is the alternative ground of the statute for supporting an indefeasible title of twenty-five years' adverse possession, and is and was such an equity as drew to it a right to demand and have of the proper authorities a perfect title to the land for the ninety-nine years. The paper executed by Brown and West to Harris bound the county to execute a valid lease to West, and was a right sufficient to ripen by twenty-five years' adverse possession of West and his successors in the ownership of such right into a title which the county cannot now assail. It would support, if need be, a bill to compel the county to execute a lease, and it is a bar to the county's claim to dispossess the defendant.

The decree of the chancery court is reversed and set aside. The expiration of the lease is fixed to be the third day of July, 1953, and the county will pay the costs of this proceeding.