JONES *v.* GULF REFINING CO.

(Division B.   Oct. 27, 1947.   Suggestion of Error Overruled Jan. 26, 1948.)

[32 So. (2d) 435.   No. 36559.]

ON SUGGESTION OF ERROR.

(Division B.   Jan. 26, 1948.)

[34 So. (2d) 735.   No. 36559.]

706

Joe A. McFarland, Jr., of Bay Springs, for appellant.

Irwin **W. Coleman** and **Stone Wells,** both of Jackson, **O. M. Oates,** of Bay Springs, and **John E. Green, Jr.,** of Houston, Tex., for appellees.

**Griffith, P. J.**, delivered the opinion of the court.

On July 4, 1881, S. Gwin, the Auditor of Public Accounts, executed and delivered to A. B. Jones a forfeited tax land patent to the lands here in question, the grant being of the described land as a "tract of land," there being no words of limitation of the estate granted to the effect that it was an unexpired lease, but the grant was to the grantee and "his heirs and assigns forever." It recited that the land "was sold on the 10th day of May 1875 for the taxes due the State." The Auditor was authorized and empowered to execute the patent under the express provisions of Section 566, Code 1880.

According to the allegations of the bill, the grantee under said patent went at once in the exclusive possession and actual occupancy of the land and he and his successors in title, appellant being the ultimate of such successors, have been in the continuous, actual occupancy of said land claiming the fee-simple title thereto for a period of more than sixty years.

In order that the forfeited tax-land patent shall have been good to convey a fee-simple title, a title of that grade must have passed out of the state into the hands of a private person before January 1, 1874, else it would not have been assessable and subject to the tax sale as a fee-simple title on May 10, 1875. There is no record that the title had so passed out of the State. In favor, however, of a possession of such a long length of years as is here present, a presumption exists that there was such a grant by the sovereign as will support the title of the persons in actual adverse occupancy and claim of title. Caruth v. Gilespie, 109 Miss. 679, 68 So. 927.

We do not apply that general rule here, however, because of what was said in Leflore County v. Bush, 76 Miss. 551, 25 So. 351, but we do apply it under Section 4148, Code 1892, in force since that time and to which we addressed ourselves in the case, Foster v. Jefferson County, 202 Miss. 629, 32 So. (2d) 126. The presumption which we have mentioned is made applicable by that section, now Section 6596, Code 1942, to sales of sixteenth-section lands for taxes, as was held by Leflore County v. Bush, supra, the appellant and his predecessors in title having been in possession for more than fifty years since 1892. Thus the presumption arises that before January 1, 1874 the sovereign had parted with the fee-simple title, as under the Code of 1871 it could have done, and the presumption is further that it was a fee-simple title, not a lease, inasmuch as the patent aforesaid conveyed a title in fee simple forever and not a lease.

Reversed and remanded.

**Alexander, J.,** delivered the opinion of the court on suggestion of error.

Counsel suggest error in our conclusion that the presumption—that the patent conveyed a fee simple title—is builded upon another presumption that the State had theretofore parted with such title. It is further urged

that such presumptions must include also the fact that after the State had parted with the fee simple title it was validly assessed and sold for unpaid taxes.

In our former opinion, Jones v. State, 32 So. (2d) 435, we referred to Caruth v. Gillespie, 109 Miss. 679, 68 So. 927, but we did not draw fully upon its resources for the reason that, under Code 1942, Section 6596, the presumption that a sale was "duly made" and that "the law authorizing the disposition of the lands has been complied with" goes farther than evidence of mere procedural regularity. Leflore County v. Bush, 76 Miss. 551, 25 So. 351, is authority for construing the statute as creating a presumption that there had been a prior sale or lease whereby the lands had become subject to taxation. The distinction made as to sixteenth section lands was not in the measure of proof adduced by the respective presumptions—to-wit that arising from a tax collector's conveyance, and that arising from adverse possession for twenty-five years—but only in their respective bases.

We find the several links supporting appellant's chain of title are not forged out of material borrowed from others but are inferences each intrinsically sound. That they are invoked concurrently for a single purpose exhibits no generation of power in an initial presumption to recreate other presumptions invigorated solely by their predecessor. As stated in our former opinion, the fact that the conveyance by the State in 1881 was a full warranty deed sufficiently evidences the extent of title which the State had theretofore acquired.

As stated in Grand Gulf Railroad and Banking Co. v. Bryan, 8 Smedes & M., 16 Miss. 234, 279: "The authorities abundantly prove that, in favor of long possession, almost every variety of written evidence of title will be presumed. The defective links in the chain of title will be supplied by presumption, and the title declared perfect, where the possession has been continued for a great length of time without interruption. The statute of limitations is but a recognition of the same principle, differently ap-

plied. We are not required by the state of the case to apply the doctrine of presumption, arising from lapse of time. All presumptions are in favor of the possessor; none against him." This principle is given later force and support in Caruth v. Gillespie, supra. We now incorporate these cases into the foundation of our decision.

Overruled.