ROSENBAUM *v.* BOHANNON et al.

In Banc. Sept. 27, 1948.

· (36 So. (2d) 798)

Gillespie & Minniece, for appellant.

**J. H. Daws**, for appellees.

## McGehee, J.

This is a suit brought by the appellees, Mary Bohannon and others, as the sole heirs-at-law of John Bohan-

non, deceased, to cancel as a cloud upon their title the claim of appellant, Leonard Rosenbaum, to 160 acres of land which they claim to have inherited as such heirs-at-law.

There was an answer and cross bill filed by the appellant seeking to have himself adjudicated to be the owner of the land in question, or that in the alternative he be permitted to recover of the appellees all taxes paid on the land both by himself and by his immediate predecessor in claim of title. The trial court cancelled his claim to the land, adjudicated the same to belong to the appellees, and decreed that the appellant was entitled to recover such taxes as he had paid, but not those paid by his immediate predecessor in title.

Proof disclosed that John Bohannon purchased the land on October 8, 1896, from C. Rosenbaum, who was admittedly the owner thereof at that time. No deed is shown to have been executed and delivered between the parties, but a receipt for the payment of nearly one-half of the purchase price, duly signed by the alleged seller, C. Rosenbaum, was found among the papers of John Bohannon after his death in 1944. The proof further disclosed that the said purchaser entered into possession of the land in 1896, built a residence and other improvements thereon, and soon thereafter enclosed the land with fences; that he cultivated a part and pastured other parts thereof each year for more than forty-four years, claiming the land as his own continuously and exercising all acts of ownership and control thereof, except as to the payment of taxes.

The trial court permitted the appellee, Mary Bohannon, and some of her children as claimants to testify fully, over the objection of the appellant, in regard to the acts of adverse possession on the part of John Bohannon, as against C. Rosenbaum and one of his deceased successors in record title, and this is one of the errors assigned for reversal here. However, there was other and ample

testimony to the same essential facts in that behalf by other witnesses. Moreover, there is no dispute in the testimony as to the said acts of ownership and control which were exercised by John Bohannon over the land. One or two witnesses who did not reside in the community said that they did not know that John Bohannon was claiming the land, but they did not dispute any of the testimony as to his having built his home and other improvements thereon and his continued possession, occupancy, and cultivation thereof. For these reasons we should not reverse the case because of the admission of the testimony of the claimants of the land, since the court would not have been justified in rendering any other decree than it did render even if this testimony had been eliminated.

But it is urged that a vendee under an executory contract of sale, whether written or oral, enters into possession of land under, and without hostility to, his vendor, and that, therefore the vendee's possession is not adverse without proof of notice to the seller of the sole claim of ownership sought to be asserted citing 1 Am. Jur., Sec. 40, Page 814; McClanahan v. Barrow, 27 Miss. 664; Day v. Cochran, 24 Miss. 261. However, the Court in effect held in the case of Foster v. Jefferson County, Miss., 32 So. (2d) 126, that where a purchaser of land on credit has gone into possession and has exercised exclusive acts of ownership and control over the same for such a long period of years, there is a presumption of payment.

 The appellees were competent to identify the papers in the possession of John Bohannon at the time of his death, and since the receipt of part of the purchase money, describing the land, disclosed an agreement to convey the same upon payment of the sum of $120 in addition to the cash payment shown therein, the presumption is that by reason of a continuous occupancy and use of the land for at least forty-four years, the remainder of the purchase price was paid, and that the con-

veyance was in fact executed in the absence of any showing to the contrary.

We are therefore of the opinion that the decree of the trial court was correct and should be affirmed.

Affirmed.