PILGRIM et al *v.* NESHOBA COUNTY

In Banc. May 23, 1949.

(40 So. (2d) 598)

704

**W. T. Weir,** for appellants.

**Sanford & Alford,** for appellees.

**Smith, J.**

The appellants in this case filed their original bill in the Chancery Court of Neshoba County alleging that they are the owners of the fee simple title to Section 16, Township 9 North, Range 11 East, and praying for the cancellation of all adverse claims of Neshoba County as trustees for Sixteenth Section School Lands, and a mineral lease executed by the board of supervisors and county superintendent of education to the Texas Company. The bill of complaint was accompanied by a deraignment of title.

Appellees answered that all of the lands involved were leased on the 7th day of April, 1879, to certain named persons under and by virtue of the authority conferred by law for a term of ninety-nine years, and that the lands involved were Sixteenth Section School Lands. The answer further averred that all of the claims of appellants, complainants below, stemmed from these original leases, that Chancery Court cases between some subsequent purchasers of the unexpired parts of the leases, and deeds of others thereafter by and between members, did not vary the situation or change their leasehold interest into title by fee. Neither the county nor the superintendent of education, nor anyone except private individuals, were made parties to the chancery court partition pro-

ceedings, supra, exhibited by appellants with their original bill.

The deraignment of title filed by the appellants showed that the origin and basis of the claims of all of the appellants did stem back to these original ninety-nine year leases. The record contains this stipulation: ''It is agreed and understood by and between the attorneys of record for the complainants and defendants that the deraignment of title beginning with the leases executed by the board of supervisors on the 7th day of April, 1879, recorded in Book R, Page 58, U, Page 12, Book S, Page 320, Book R, Page 106 and their successors in title down to and including the complainants herein sets forth a true and correct record as they appear in the deed records of the Chancery Clerk's office of Neshoba County, Mississippi.''

Appellants also introduced certain oral testimony in an attempt to sustain their claim to title by adverse possession, and to establish their ownership of the said lands. One of their witnesses was asked these questions, and answered as follows:

''Q. When your father moved there and acquired the title from Mr. Harrington, he got a ninety-nine year lease, didn't he? A. Yes, sir.

''Q. And when you bought from your step-mother and the other heirs, you bought the balance of that lease, didn't you? A. Yes, sir.

''Q. And all of your neighbors who live on Sixteenth Section land have done the same thing, haven't they? A. I guess so, yes, sir.

''Q. When you speak that they own this land, you mean that they own that part of the 99 year lease, don't you? A. I guess so.''

Other witnesses introduced by appellants testified to the same effect. The original bill charged: ''. . . that these complainants have owned, possessed, and occupied the said lands by and under Warranty Deed in accordance with and by and under the laws of the State

of Mississippi and the constitution of the State of Mississippi for more than twenty five years next preceding the filing of this bill adversely against the State of Mississippi, The County of Neshoba and all other defendants named in this bill and adversely against all the world. . . . ''

Appellants' claims are asserted under Section 6596, Code of 1942, as follows: "Adverse possession for a period of twenty-five years, under a claim of right or title, shall be prima facie evidence in such case that the law authorizing the disposition of the lands has been complied with and the lease or sale duly made. If the claim be under a lease, the time at which the lease expires shall be fixed by the court." That section of the Code obviously is not pertinent or in point in the situation reflected by the record before us, and the relevant law. Appellants and their predecessors in title from April 7, 1879, down to and including the time of the filing of their original bill of complaint in this case, were and are simply lessees of Sixteenth Section School Lands, and as their witnesses stated, supra, in their traffic involving these lands between themselves, only unexpired portions of the original leases were dealt with.

Section 6600 of the Miss. Code of 1942 provides that Sixteenth Section School Lands may be leased as to minerals, and it was by the authority of this statute that the mineral lease to the Texas Company was executed by the officers entrusted by the law with that power.

Since appellants admit in the record the validity of the original leases, and on them base their rights, and since also by their evidence they prove that they were only lessees for the unexpired terms of the original leases, the decree of the chancery court dismissing their original bill was correct. We have carefully examined the authorities cited by them in their brief and find nothing therein pertinent to the facts of this case or in point therein contrary to the views we express hereby.

The lands here involved were conveyed in trust to the

State of Mississippi by the State of Georgia, when Alabama and Mississippi were carved out of that state. The grant, as stated, was in trust for school purposes. It is not necessary here comprehensively to review all of the statutes and decisions dealing with their administration by the various boards of supervisors, or the authority of county superintendents with reference thereto, or the powers entrusted to such officers concerning same. We content ourselves with the following references:

In Hesler v. Crisler, 1859, 36 Miss. 681, this Court announced that these Sixteenth Section lands were granted the State by the United States, which was erroneous. The Supreme Court of Alabama correctly declared their source was the State of Georgia, Long v. Brown, 4 Ala. 622. The Supreme Court of the United States adopted the view of the Alabama Court, Gaines v. Nicholson, 9 How. 356, 365, 13 L. Ed. 172, later by it reaffirmed in Cooper v. Roberts, 18 How. 173, 15 L. Ed. 338. Then, we overruled Hester v. Crisler, supra, in Jones v. Madison County, 72 Miss. 777, 18 So. 87. See also Pace et al. v. State ex rel. Rice, Atty. Gen., et al., 191 Miss. 780, 4 So. (2d) 270.

The decree of the chancery court will be, and is, affirmed.

Affirmed.