REESE, et al. *v.* MAYO, et al.

Division A.   Jan. 14, 1952.

No. 38186  (56 So. (2d) 77)

L. A. Wyatt, for appellants.

**Avery & Putnam,** and **Matthew Harper, Jr.,** Assistant Attorney General, for appellees.

**Lee, J.**

The pleadings in this cause, by John D. Reese and others, as complainants, and the State, Hinds County, and Robert M. Mayo, County Superintendent of Education, as defendants, presented the sole issue of whether or not the complainants are the owners in fee simple of the 160 acres of 16th Section lands, in Hinds County, here in question. At the conclusion of the evidence, the chancellor dismissed the original bill, and confirmed the fee title to the said lands in the State as prayed for in the cross-bill. The complainants appeal.

The proof showed that patents to these lands were executed by S. Gwin, Auditor, on February 7, 1878, and March 4, 1885. The instruments recited that the lands therein described had been sold to the State on March 13, 1876, and March 3, 1884, respectively, for the taxes due. Complainants, by mesne conveyances, became the successors in such title as passed thereby.

If the State, at the time of the execution of the patents, was, by virtue of the previous tax sales, vested with the fee title to these lands, then obviously, complainants obtained the fee. Foster v. Jefferson County, 202 Miss. 629, 32 So. (2d) 126, 568; Jones v. Gulf Refining Company, 202 Miss. 705, 32 So. (2d) 435, 34 So. (2d) 735. In the former case, deeds were delivered, although they were executed by the President of the Board of School Directors instead of by the school directors themselves—an irregularity—at a time when no valid lease was outstanding. In the latter case, there was no proof either of a valid outstanding lease, or of a sale. But the Court indulged the presumption of regularity, and held, there-

fore, that the State possessed, and could convey, the fee title.

The trouble in the present case, however, is that the proof also showed that the lands in controversy were leased, in accordance with law, by the township trustees on February 1, 1850, for a period of 99 years by an instrument, duly recorded on June 23, 1851. While the Constitution of 1832 did not prohibit the sale of Sixteenth Section lands, the above mentioned act of the township trustees constituted a lease, and not a sale.

It is true also that the Constitution of 1869 contained no prohibition against the sale of Sixteenth Section lands, and that Sections 2015 to 2019 inclusive, Code of 1871, in fact expressly authorized such sales, and such authority existed during the period from 1871 to 1878. But this record is devoid of proof of any lawful sale of these lands during that period, or at any time, whereby the fee title could have been vested in the State, in case of a subsequent tax sale. Consequently, the actual execution and recordation of a 99-year lease of these lands, many years before, overwhelms any potential benefits arising from the mere presumption of regularity on account of the patents from the auditor.

It is clear that the State, on account of previous tax sales, obtained title only to the unexpired lease, and not to the fee. Consequently, the patents from the auditor conveyed only such title as the State had previously acquired, namely, title to the unexpired 99-year lease. Sumrall v. State, 209 Miss. 761, 48 So. (2d) 502.

The conclusion, which we have reached, likewise disposes of the appellants' contentions that equity should award them the fee on account of their seventy years adverse possession under the patents, and that the State and its subdivisions should be barred both by laches and by estoppel to deny the recitals contained in the patents.

Affirmed.

**Kyle, J.,** took no part.