CREEKMORE, et al. *v.* NESHOBA COUNTY, et al.

Feb. 23, 1953

No. 38655 21 Adv. S. 14 63 So. 2d 45

*W. T. Weir,* for appellants.

*Sanford & Alford,* for appellees.

ETHRIDGE, J.

Appellants, W. D. Creekmore, A. L. Sisson and others brought this suit in the Chancery Court of Neshoba County against the county and its board of supervisors, appellees here, seeking to cancel clouds asserted by defendants against the appellants, who claimed title to parts of Sec. 16, T. 11 North, R. 12 East, Neshoba County, which is a school-land section. ■■ ■ Appellants' bill of complaint alleged title in them by 1874 tax collectors' deeds and by warranty deeds from their predecessors, and by adverse possession of the land for more than twenty-five years. Creekmore and Sisson are the only appellants involved on this appeal.

The county answered and charged that the section was held in trust by the state for the township schools; that the lands had been leased under 99-year leases which would shortly expire; and that any claims which complainants might have would be only as to those leases. The county denied that appellants had obtained any title by adverse possession. Various instruments in the chain

of titles were introduced in evidence, and several witnesses testified on behalf of the complainants and defendants. The final decree of November 27, 1951, correctly dismissed with prejudice the actions brought by Creekmore and Sisson. It held that the complainants had failed to meet the burden of proof necessary to establish any legal title.

Code of 1942, Section 6596, provides: ''Adverse possession for a period of twenty-five years, under a claim of right or title, shall be prima facie evidence in such case that the law authorizing the disposition of the lands has been complied with and the lease or sale duly made. If the claim be under a lease, the time at which the lease expires shall be fixed by the court.''

Appellants do not show any conveyance by the school directors of a fee simple title to these lands into their chain of title from 1870 to 1878, which was the only period during which there was any power to make an outright conveyance of such school lands. Lambert v. State, 211 Miss. 129, 51 So. 2d 20 (1951).

The record reflects that there were 99-year leases executed by the county on the N½, the SW¼, and the SW¼ of the SE¼ of this section, all expiring in the late 1940s and early 1950s. Hence as to the claims of appellants to any of these lands, they were precluded from obtaining any rights to the reversion if at all, until after the termination of the leases. The execution of these leases removed any presumption which might arise under Code Section 6596, and negatived any claim of right or title which might have otherwise existed presumptively under that statute. Reese v. Mayo, 213 Miss. 123, 56 So. 2d 77 (1952); see also Sumrall v. State, 209 Miss. 761, 777, 46 So. 2d 549 (1950); Pilgrim v. Neshoba County, 206 Miss. 703, 40 So. 2d 598 (1949).

As to the claims of appellants in the E½ of the SE¼ and the NW¼ of SE¼ of this section, the chancery court was amply justified in its finding that appellants had failed to meet the burden of proof necessary to es-

tablish their averments. Appellants relied upon 1874 deeds from a tax collector to W. P. Sanders, upon subsequent, apparently unlimited conveyances from other persons to appellants' predecessors in title, and upon the case of Jones v. Gulf Refining Co., 202 Miss. 705, 32 So. 2d 435, 34 So. 2d 735 (1948). These deeds are not in the record. We do not know their provisions. The record only shows a skeletonized abstract of them, grantor and grantee, date, and book and page of recording. The *Jones* case is of dubious value as a precedent in the light of all of the other decisions of this Court interpreting Section 6596, but even under the rules stated in it the chancellor was warranted in finding that appellants had wholly failed to meet their necessary burden of proof. The costs will be divided on a basis of one-third to Jim Kilgore and wife, and one-third each to Creekmore and Sisson.

Affirmed.

*Roberds, P. J.,* and *Kyle, Holmes* and *Lotterhos, JJ.,* concur.