RODGERS, Justice:
The appellants filed a petition in the Chancery Court of Lauderdale County, Mississippi, requesting the court to confirm fee simple title in the appellants to certain Sixteenth Section lands located in Lauder-dale County, Mississippi. The County answered and admitted the record conveyances shown of record in the office of the chancery clerk, but denied that the conveyances or the possession of Sixteenth Section school lands by the appellants ripened into fee simple title because of these conveyances and tenure of possession by the appellants. The complainants, Carl Burrage and his wife, Opal Burrage, and the defendant, Lauderdale County, Mississippi, entered into a stipulation in the following language :
It is stipulated by the parties that the deraignment of interest made by the Complainants and the Defendant referred to in their respective pleadings together constitute the record evidence reflecting the records and instruments affecting or perfecting the title to the property in question together with the exhibits referred to therein, and such exhibits or recordings referred to therein may be offered in evidence as well as quit claim deed to complainants and may be supplemented by the presentation of a copy of the instruments in their entirety and the terms of such instruments shall be controlling and not counsel’s interpretation thereof.
Catl Burrage and his wife, Opal Bur-rage I have lived on and been in actual possession of the property in question for more than 20 years during which time,I or prior thereto, the state or Board of Supervisors or County have never instituted any proceedings pursuant to Section 6594 of the Mississippi Code of 1942 as amended, and no other action of any kind, and the complainant has held said land under the color of title reflected by the records included in this stipulation, and such occupancy has been peaceable and uninterrupted.
It is further stipulated that complainants’ predecessors were, according to the land records, deraignments and exhibits referred to herein, in actual possession of the property in question.
The chancellor determined that the land was held under a school lease up to 1947 and the possession of the appellants did not constitute adverse possession against the school lands of Lauderdale County, Mississippi.
*844 The recorded conveyances inter alia reveal the following facts:
1. In 1839 Lauderdale County, Mississippi, granted a ninety-nine year lease on the land here involved to one Jacob Nich-olason, Sr.
2. The land sold to the State of Mississippi for taxes on May 17, 1875, and that on March 7, 1878 the State of Mississippi issued a deed to S. A. Ragsdale purporting to convey the lands here involved.
3. The property again sold for taxes on March 4, 1889, for 1888 taxes, to John T. Ball. The land was not redeemed of record. The land became involved in the court proceedings of John T. Ball, who died intestate.
There are other deeds of conveyance, oil and mineral leases, and trust deeds shown of record in the chain of title to the Sixteenth Section lands here involved until 1946 and 1947.
4. Norbert Flint Irby and his wife purchased the timber located on the Sixteenth Section school lands from the board of supervisors.
5. In 1949 Mr. and Mrs. Norbert Flint Irby conveyed their interest in the land to appellants by a quitclaim deed.
6. The property sold for taxes on September 17, 1962, and was redeemed by the appellants on August 31, 1964.
It is the contention of the appellants that under the Mississippi Code of 1871, Sections 2015 through 2017, the counties were authorized to sell school lands and that the deed from the State to S. A. Ragsdale on March 7, 1878, was a deed conveying the title to the land in controversy; that thereafter it was the duty of the county to proceed under Section 6594 Mississippi Code 1942 Annotated (1952) to establish and confirm title to Sixteenth Section lands, and having failed to so do, that Section 6596 Mississippi Code 1942 Annotated (1952) became effective to fix twenty-five years adverse possession as a standard of prima facie ownership entitling the appellants to a decree against the county confirming fee simple title in the appellants. This section is in the following language:
Adverse possession for a period of twenty-five years, under a claim of right or title, shall be prima facie evidence in such case that the law authorizing the disposition of the lands has been compiled with and the lease or sale duly made. If the claim be under a lease, the time at which the lease expires shall be fixed by the court.
The appellants argue that even if it were considered that the property was leased under a ninety-nine year lease from Lauder-dale County, Mississippi, as shown by Deed Book A at page 513, the lease began on December 26, 1835, and was terminated on December 25, 1934. The appellants had a right to claim and did claim the land under color of title because of several tax deeds. Moreover, it is said that appellants have claimed the property since 1949 in their own right by quitclaim deed and prior thereto under the claim of their predecessors in title.
The thrust of appellants’ argument is that a warranty deed from the State of Mississippi to S. A. Ragsdale dated March 7, 1878, was a warranty deed and, under the authority of Sumrall v. State, 209 Miss. 761, 46 So.2d 549, Sugg. of Error Sustained in Part 48 So.2d 502 (1950), and Jones v. State, 202 Miss. 705, 32 So.2d 435 (1947), Sugg. of Error Overruled in Jones v. Gulf Refining Co., 202 Miss. 705, 34 So.2d 735 (1948), the regularity of this deed was presumed to convey the title and that adverse possession of the land for a period of twenty-five years establishes a prima facie presumption of ownership.
Without pursuing appellants’ argument so as to differentiate the instant case from Sumrall, supra, we hasten to point out that the deed from the State of Mississippi to S. A. Ragsdale states on its face that it is issued under the provision of an act of the legislature entitled “an act *845 in relation to Public Revenue approved April 15, 1876.” This act, Chapter CIV of the Laws of Mississippi of 1876, expressly prohibits the sale of Sixteenth Section lands except for a leasehold interest therein (Section 1679 Mississippi Code 1871).
All school lands known as the sixteenth sections, reserved for the use of schools, or lands reserved or granted in lieu of, or a substitute for said sixteenth sections, shall be liable, after the same shall have been leased, to be taxed as other lands are taxed during the continuance of such lease; but in case of sale thereof for taxes, only the title of the lessee or his assignee shall pass by such sale.
Inasmuch as the record^ shows that the appellants went into possession of the land in 1949 by virtue of a quitclaim deed, and if the appellants had set up adverse claim at that time, the claim could not have ripened into right of fee simple title since their occupancy has only been for a period of twenty-one years and not twenty-five as required by Section 6596 Mississippi Code 1942 Annotated (1952).
In order to now establish appellants’ adverse claim, it would be necessary to tack on to the time appellants have possessed the property the time possessed adversely by their predecessors in title, but this appellants cannot show because appellants’ predecessors in title, N. F. Irby and his wife, Beatrice Irby, admitted the ownership of the county in said lands by petitioning the board of supervisors to purchase the timber on the land on March 5, 1946, and accepting a deed to the timber on the lands on April 12, 1947.
It has often been pointed out that one claiming land by adverse possession cannot tack on the possession of a prior occupant where the former occupant did not claim the land adversely to the true owner. This is said to be true because a claimant must take his predecessor’s occupancy and possession with all the infirmities attached to it. 2 C.J.S. Adverse Possession § 132, pages 697, 698 (1936).
The decree of the trial court must, therefore, be affirmed.
Affirmed.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.